EJK:DMP

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

12 M 735

- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

DAMION HARLAN COLCLOUGH,

    Defendant.

- - - - - - - - - - - - - - - - - -X

AFFIDAVIT IN SUPPORT OF
REMOVAL TO THE EASTERN
DISTRICT OF VIRGINIA

(Fed. R. Crim. P. 5(c))

EASTERN DISTRICT OF NEW YORK, SS:

    SHAWN LARSON, being duly sworn, deposes and says that he is a Deputy United States Marshal with the United States Marshals Service, duly appointed according to law and acting as such.

    Upon information and belief, on or about November 21, 2011, an arrest warrant was issued by the United States District Court for the Eastern District of Virginia, commanding the arrest of the defendant DAMION HARLAN COLCLOUGH, for violating the terms and conditions of his supervised release.

    The source of your deponent's information and the grounds for his belief are as follows:

    1.  On or about November 21, 2011, an arrest warrant was issued by the United States District Court for the Eastern District of Virginia, commanding the arrest of the defendant DAMION HARLAN COLCLOUGH, for violating the terms and conditions of his supervised release. The arrest warrant was issued in connection with a supervised release violation petition. A copy of the arrest warrant and violation petition are attached hereto.

2. The defendant DAMION HARLAN COLCLOUGH was recently arrested by the New York City Police Department on unrelated charges. Upon his arrest, COLCLOUGH was processed and fingerprinted. The fingerprints matched those of the person wanted on the arrest warrant from the Eastern District of Virginia. The U.S. Attorney's Office for the Eastern District of Virginia was notified of the defendant's arrest and lodged a detainer on the defendant, who has been in custody in Rikers.

3. The defendant DAMION HARLAN COLCLOUGH was taken into custody by deputy United States marshals this morning. COLCLOUGH appeared to be the same individual as depicted in a photograph supplied by law enforcement officers in Virginia. The date of birth and social security number that COLCLOUGH provided to deputy United States marshals matched those that had previously been supplied to the marshals by law enforcement officers in Virginia.

4. In addition, COLCLOUGH was processed this morning at the Eastern District of New York, and his fingerprints were a match to the fingerprints of the individual wanted on the arrest warrant from the Eastern District of Virginia. Finally, the defendant admitted that he was on supervised release for a case from the Eastern District of Virginia.

5. It is the desire of the United States Attorney for the Eastern District of Virginia that the defendant DAMION HARLAN COLCLOUGH be removed to that district for prosecution.

WHEREFORE, it is requested that the defendant DAMION HARLAN COLCLOUGH be removed to the Eastern District of Virginia so that he may be dealt with according to law.

SHAWN LARSON
Deputy United States Marshal

Sworn to before me this
7th day of August, 2012

TH          MES ORENSTEIN
UN          GISTRATE JUDGE
EA            OF NEW YORK

AO 442 (Rev. 01/09) Arrest Warrant

ORIGINAL

765394

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

| | |
|---|---|
| United States of America<br>v.<br><br>DAMION HARLAN COLCLOUGH<br><br>_____<br>*Defendant* | )<br>)<br>)  Case No.  2:03cr75-02<br>)<br>)<br>) |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   DAMION HARLAN COLCLOUGH ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment     ☐ Superseding Indictment     ☐ Information     ☐ Superseding Information     ☐ Complaint
☐ Probation Violation Petition     ☑ Supervised Release Violation Petition     ☐ Violation Notice     ☐ Order of the Court

This offense is briefly described as follows:

Violation of Supervised Release

(Original Charge: T.21:846 - Conspiracy to distribute and possess with intent to distribute cocaine base)

Date:  11/21/2011                                                  _[signature]_ , Deputy Clerk
                                                                        *Issuing officer's signature*

City and state:   Norfolk, VA                               Rebecca Beach Smith, U.S. District Judge
                                                                          *Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____<br>at *(city and state)* _____.<br><br>Date: _____<br>                                                           _____<br>                                                           *Arresting officer's signature*<br><br>                                                           _____<br>                                                           *Printed name and title* |

Prob 12
(Mod. For E.VA 01/05)



FILED
NOV 21 2011
CLERK, US DISTRICT COURT
NORFOLK, VA

UNITED STATES DISTRICT COURT
for
**EASTERN DISTRICT OF VIRGINIA**

U.S.A. vs. Damion Harlan Colclough       Docket No. 2:03CR00075-002

Petition on Supervised Release

COMES NOW Laszlo V. Mako, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Damion Harlan Colclough, who was placed on supervision by The Honorable Rebecca Beach Smith, sitting in the Court at Norfolk, Virginia, on the 4th day of November 2009*, who fixed the period of supervision at THIRTY-SIX (36) MONTHS, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

See Page 2.

*Supervision began on April 11, 2011.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**
See Attachment(s)

**PRAYING THAT THE COURT WILL ORDER** a warrant to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

**Bond Recommendation: Detained**

**ORDER OF COURT**

Considered and ordered this 17th day of November, 2011 and ordered filed and made a part of the records in the above case.

_Rebecca Beach Smith_
United States District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 11/16/11

_signature_
Laszlo V. Mako
U.S. Probation Officer

Place: Norfolk, Virginia

A TRUE COPY, TESTE:
CLERK, U.S. DISTRICT COURT
BY _signature_
DEPUTY CLERK

**TO CLERK'S OFFICE**

Petition on Supervised Release
Page 2
RE: COLCLOUGH, Damion Harlan

OFFENSE: Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base, a Class A Felony.

SENTENCE: The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of SIXTY (60) MONTHS. Upon release from imprisonment, the defendant shall be on supervised release for a term of FIVE (5) YEARS. He is also ordered to pay a $100 special assessment.

SUPERVISED RELEASE VIOLATION: On November 4, 2009, the defendant's supervised release was revoked, due to incurring new convictions for Possession of Cannabis, Possession of Drug Paraphernalia, No Valid Driver's License, and Failure to Register Motor Vehicle. He was also charged with possessing marijuana and failing to notify the probation officer within 24 hours of being arrested by a law enforcement officer. His supervised release was revoked, and he was sentenced to a term of incarceration of twenty-four (24) months, followed by thirty-six (36) months of supervised release. The Court imposed the same standard and special conditions of supervised release as were previously imposed.

SPECIAL CONDITIONS:

1. The defendant shall not incur new credit card charges or open additional lines of credit without the approval of the probation officer.

2. The defendant shall provide the probation officer with access to requested financial information.

3. The defendant shall continue to participate in a substance abuse program, at the direction and discretion of the probation officer.

4. To the extent the defendant has not done so, he shall obtain his GED and develop a skill while on supervised release.

5. The court does not deny federal benefits because it is not applicable.

6. The defendant shall pay child support for his minor children in the amount ordered by any social service agency or court of competent jurisdiction. In the absence of such order, payments are to be made on a schedule to be determined by the court at the inception of supervision, based on the defendant's financial circumstances.

**Petition on Supervised Release**
**Page 3**
**RE: COLCLOUGH, Damion Harlan**

WAIVER OF HEARING TO MODIFY CONDITIONS OF SUPERVISED RELEASE:

On October 17, 2011, Waivers of Hearing to Modify Conditions of Supervised Release were approved by the Court. The special conditions are as follows:

The defendant shall participate in a mental health treatment program approved by the U.S. Probation Office. The defendant shall take all prescribed medications and not discontinue any medication without permission. The Court authorizes the release of available psychological and psychiatric evaluations and reports to the mental health provider, as approved by the probation officer. The defendant shall contribute to the cost of the services rendered, if the defendant has the ability to pay, not covered by third party payment.

The defendant shall submit his/her person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

ADJUSTMENT TO SUPERVISION:

Colclough's thirty-six (36) month term of supervised release began on April 11, 2011, following his release from the custody of the United States Bureau of Prisons. Since that time, Colclough has been supervised in the Southern District of New York. According to the probation officer in the Southern District of New York, Colclough's adjustment to supervision has been poor, despite efforts to provide him with treatment services to meet his needs. Colclough began to test positive for marijuana on June 7, 2011, and was placed in outpatient treatment. However, his attendance was inconsistent and he never fully engaged in the treatment process. Following a positive drug screen for marijuana on August 15, 2011, Colclough was referred for residential treatment. On August 30, 2011, the residential treatment agency reported that Colclough had been discharged due to assaulting another resident. No charges were filed as a result of this incident. After an investigation by the treatment facility, it was concluded that although Colclough made some poor decisions regarding the assault, there was a lack of supervision by agency staff that may have helped to facilitate the incident, and that Colclough may have been defending himself. While the probation officer sought to have Colclough placed in a new treatment facility, he continued to use marijuana. On September 15, 2011, the probation officer secured a new residential placement with Abraham House, to address Colclough's needs for substance abuse and mental health treatment. However, Colclough resisted attending scheduled appointments with them on September 22, 2011, and October 13, 2011. He finally completed the admission process and was scheduled to enter the program on October 18, 2011, but

Petition on Supervised Release
Page 4
RE: COLCLOUGH, Damion Harlan

failed to show. During this time period, Colclough's domestic life has been very unstable. He left his wife and began a relationship with another woman in July 2011. He is estranged from his children and provides no support. Also in July 2011, he relocated from the Southern District of New York to the Eastern District of New York, in order to reside with his paramour. Colclough reported the move but did not have permission in advance from the probation officer. Colclough has been employed part-time with a building security company, and has attended technical school sporadically. Due to Colclough's ongoing noncompliance, and the fact that all available treatment options have been exhausted, it is recommended that a warrant be issued in this case.

VIOLATIONS: The following violations are submitted for the Court's consideration.

**CONDITION 1:** **LEAVING THE JUDICIAL DISTRICT WITHOUT PERMISSION.**

Colclough moved from the Southern District of New York to the Eastern District of New York in July 2011. Colclough reported the move to his probation officer, but did not have permission in advance to move.

**SPECIAL CONDITION:** **FAILURE TO SATISFACTORILY PARTICIPATE IN A SUBSTANCE ABUSE TREATMENT PROGRAM.**

On October 18, 2011, Colclough was scheduled to enter residential treatment with the Abraham House, but failed to do so.

**CONDITION 7:** **POSSESSION OF COCAINE AND MARIJUANA.**

Colclough tested positive for the use of marijuana on June 7, 2011; June 21, 2011; June 28, 2011; July 12, 2011; July 27, 2011; August 15, 2011; September 13, 2011; and September 28, 2011.

Colclough tested positive for the use of cocaine on September 28, 2011.

LVM/dw